[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16849
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2009
THOMAS K. KAHN
CLERK

_____

Agency No. A096-179-039

JORGE FILIBERTO REYES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 11, 2009)

Before BIRCH, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Jorge Filiberto Reyes, a native and citizen of Guatemala, appeals the Board

of Immigration Appeals' (the "BIA") denial of his motion to reconsider its previous decision affirming the Immigration Judge's (the "IJ") order denying asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT").[1]

## BACKGROUND

Reyes entered the United States on March 24, 2003. That same day, the U.S. Department of Homeland Security issued Reyes a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Reyes filed an application for asylum, withholding of removal, and withholding under CAT. Reyes requested relief on account of his religion and political opinion and claimed that he was persecuted for his participation in a religious organization that traveled to small villages in Guatemala to educate people about the bible and their rights as members of the village. Reyes alleged he began receiving threatening phone calls and was told that he would be killed if he did not stop teaching people. He stated that he was afraid that if he returned to Guatemala, he would be killed by local authorities who do not want people to know what their rights are.

On August 21, 2006, Reyes appeared before the IJ and conceded removability as charged. During the hearing, Reyes repeated the assertions

---

[1] Reyes has not offered any arguments to this court that he is entitled to CAT relief. Thus, this claim is deemed abandoned. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

contained in his asylum application that he had received numerous threatening phone calls. Additionally, on cross-examination, Reyes added for the first time that there had been an attempt on his life, but gave no details other than stating that "they chased after" him. He admitted that he was never physically harmed while living in Guatemala. The IJ denied relief, finding that Reyes was not credible because he had failed to include the attempt on his life in his asylum application or raise the incident himself in his direct testimony and had submitted no corroborative evidence of persecution. The IJ also found that, even if credible, Reyes failed to establish past persecution in Guatemala because he was never harmed and his claims were "overly broad, general, and vague."

Reyes appealed to the BIA, arguing that the omission of the attempt on his life from the asylum application was not a major discrepancy. The BIA noted that Reyes had testified to threatening phone calls and an attempt on his life by unknown individuals, but agreed with the IJ that he had failed to establish eligibility for asylum and affirmed the IJ's holding.

Reyes did not petition this court to review the BIA's decision. Instead, Reyes filed a motion to reconsider with the BIA, contending that the BIA committed error by finding no past persecution. Reyes argued that his case should be distinguished from cases holding that mere threats do not constitute persecution because he was so traumatized by the phone calls that he was forced to flee his

3

country. Reyes also pointed out that he had been threatened repeatedly, rather than in one isolated event. The BIA denied the motion for reconsideration.

## STANDARD OF REVIEW

We review the denial of a motion to reconsider for abuse of discretion. Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007), see also 8 C.F.R. § 1003.2(a) ("The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board . . . The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief.").

## DISCUSSION

Reyes argues that the IJ and BIA erred in denying his motion for reconsideration because they ignored his evidence that he had been persecuted by giving inadequate attention to the attempt on his life. Reyes contends that the BIA's conclusion that he had not demonstrated eligibility for asylum ignored his testimony that he was harassed on account of his political beliefs and religion and that he called the police but they did nothing.

An alien may file a motion to reconsider to point out specific errors of fact or law in the decision of the BIA. 8 C.F.R. § 1003.2(b)(1). We will reverse only if the BIA's decision was arbitrary or capricious. See Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005).

Reyes's arguments in his motion to reconsider largely restated his previous

4

arguments that he was statutorily eligible for asylum and/or withholding of removal. He simply reiterated his argument that his experiences in Guatemala constituted persecution. The BIA did not abuse its discretion in denying the motion to reconsider on this basis because a motion to reconsider that merely restates the arguments that the BIA previously rejected does not provide proper grounds for reconsideration. See Calle, 504 F.3d at1329.

Furthermore, Reyes's argument that the BIA and the IJ ignored pieces of his evidence is without merit. The BIA acknowledged that Reyes had experienced threatening phone calls and an attempt on his life, but noted that he was never physically harmed. On this evidence, the BIA found that Reyes had not shown past persecution. Additionally, his testimony that he was harassed on account of a statutorily-protected ground or that he had sought protection of the police was not ignored. The IJ noted both these facts, but found that he was not credible, had failed to provide corroborating evidence, and, even if credible, had not established past persecution because his experiences did not rise to the level of persecution. The BIA affirmed this conclusion. Thus, the BIA did not ignore Reyes's evidence and did not abuse its discretion in denying reconsideration on that basis.

## CONCLUSION

Reyes has not identified any factual or legal errors that merit a reversal of the BIA's denial of the motion to reconsider. His petition for review is **DENIED**.

5